UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DELIA MAPPE MOWREY, | ) | 1:07cv0155 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) | (Documents 1 and 2) |
| DONALD H. RUMSFELD, | ) | |
| Defendant. | ) | |

Plaintiff, appearing pro se and proceeding in forma pauperis, filed the instant complaint on January 29, 2007. She filed a second "portion" of the complaint on February 2, 2007. Plaintiff alleges employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* and related causes of action..

DISCUSSION

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

1 a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be
2 cured by amendment.

3       In reviewing a complaint under this standard, the Court must accept as true the allegations
4 of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
5 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick
6 v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
7 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8       Fed. R. Civ. P. 8(a) provides:

9       A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the
10       grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short
11       and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of
12       several different types may be demanded.

13       A complaint must contain a short and plain statement as required by Fed. R. Civ. P.
14 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair
15 notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev.
16 Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of
17 particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.
18 Although a complaint need not outline all elements of a claim, it must be possible to infer from
19 the allegations that all elements exist and that there is entitlement to relief under some viable
20 legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990);
21 Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

22       In reviewing a complaint under this standard, the Court must accept as true the allegations
23 of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
24 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick
25 v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
26 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

27 ///
28 ///

B.	Plaintiff's Allegations

Plaintiff's complaint revolves around the circumstances of her employment with the Department of Defense (Defense Commissary Agency) in Lemoore, California.  She alleges that she has been victimized by humiliation, harassment and verbal abuse, and that she has been discriminated against by way of favoritism towards other employees (disparate treatment) and retaliation.  Plaintiff further alleges causes of action for defamation, intentional infliction of emotional stress, and "malice leading to retaliation (obstructive behavior)."  Plaintiff seeks a fair hearing and monetary compensation totaling $300,000.

While Plaintiff states that she is in a protected class and suffered an adverse employment action relating to a job for which she was qualified, she relies almost wholly on hundreds of pages of attachments to explain her claim.

The attachments reveal that Plaintiff filed a formal complaint on November 3, 2003.  The complaint was dismissed on timeliness grounds, but the Equal Employment Opportunity Commission/Office of Federal Operations ("EEOC/OFO") reversed the dismissal and remanded the complaint.  An investigation followed, and Plaintiff was provided with the Report of Investigation and instructions for requesting an EEOC hearing or Final Agency Decision.  The EEOC issued its Final Agency Decision on June 17, 2005, after Plaintiff did not respond.  Almost one year later, on April 5, 2006, Plaintiff filed a Request for Reconsideration.  The EEOC/OFO dismissed the request and provided Plaintiff with the right to file a civil action.  In July 2006, Plaintiff filed a request for a hearing and the EEOC issued an order to show cause why the action should not be dismissed for Plaintiff's failure to file a timely request for hearing.  On August 3, 2006, the EEOC dismissed the action after finding that Plaintiff failed to provide a specific explanation for her untimely filing.  Plaintiff sent additional correspondence, but the EEOC indicated that it had no authority to reopen her case and consider the additional information.

Plaintiff's actual complaint fails to comply with Rule 8 because it does not contain any facts to support or explain any of her causes of action.  While attachments and exhibits can aid the Court in analyzing a complaint, they cannot substitute for a properly pled complaint or

1 provide the only explanation of the alleged claims.  Plaintiff raised numerous allegations at the
2 administrative level and the Court cannot guess as to which ones she wishes to raise in support of
3 her discrimination claims.  Nor can the Court search the documents to find a basis for her
4 defamation claim or emotional distress claims.

5      For the above reasons, the Court must dismiss Plaintiff's complaint.  The Court will,
6 however, grant Plaintiff the opportunity to amend the complaint to attempt to correct the
7 deficiencies.  In her amended complaint, she must set forth the facts upon which she bases each
8 of her causes of action.  The amended complaint must comply with Rule 8, meaning that it must
9 allege, with at least some degree of particularity, overt acts in which the Defendant engaged that
10 support her claims.  The amended complaint must provide a statement of Plaintiff's causes of
11 action, along with supporting facts, *without reference to the exhibits.*

12      Therefore, Plaintiff IS ORDERED to file her amended complaint within thirty (30) days
13 of the date of service of this order.  Plaintiff is advised that the Court cannot refer to a prior
14 pleading in order to make her amended complaint complete.  Local Rule 15-220 requires that an
15 amended complaint be complete in itself without reference to any prior pleading.  This is
16 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
17 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original
18 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
19 original complaint, each claim and the involvement of each defendant must be sufficiently
20 alleged.

21      Plaintiff is further advised that failure to file an amended complaint consistent with this
22 order may result in dismissal of the action.

24     IT IS SO ORDERED.

25     Dated: **February 21, 2007**           **/s/ Dennis L. Beck**
3b142a                              UNITED STATES MAGISTRATE JUDGE