# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA MAPPE MOWREY, | 1:07cv0155 AWI DLB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (Document 5) |
| DONALD H. RUMSFELD, | |
| Defendant. | |

Plaintiff Delia Mappe Mowery ("Plaintiff"), appearing pro se and informa pauperis, seeks assignment of counsel. On January 29, 2007, Plaintiff filed her complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* On that same date, Plaintiff filed her request that this Court assign an attorney for her plaintiff because she does not have the financial means to do so. For the reasons discussed below, this Court DENIES Plaintiff's request for assignment of counsel.

### **DISCUSSION**

42 U.S.C. § 2000e-5(f) provides "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant . . ." A court considers: "(1) the plaintiff's financial resources, (2) the efforts made

1

by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

Plaintiff's papers fail to address each factor and merely suggest financial hardship. Although plaintiff proceeds in forma pauperis, she fails to address attempts to locate counsel. "All that can be required of plaintiffs under this aspect of the test is that they make what can be considered a reasonably diligent effort under the circumstances." *Bradshaw*, 662 F.2d at 1319. There is no suggestion that Plaintiff contacted an attorney. Plaintiff's request also fails to address the likelihood of success on the merits. This Court is provided no guidance as to the grounds for and validity of Plaintiff's claims. Plaintiff fails to satisfy her burden to demonstrate the slightest likelihood of success.

## CONCLUSION AND ORDER

For the reasons discussed above and because this Court lacks funds to appoint counsel, this Court:

1. DENIES Plaintiff's request for assignment of counsel; and
2. DIRECTS the Clerk of the Court to refer this matter to this Court's *Bradshaw* panel. The *Bradshaw* panel consists of several local attorneys who have indicated to the Court that they are willing to review cases sent to them by the Court to determine if they are willing to represent pro se plaintiffs in their actions. Plaintiff is advised that this Court is powerless to require an attorney to represent her in this action. The Court is able only to refer the case to the *Bradshaw* panel. If no attorney is willing to represent Plaintiff, she is required to represent herself. If an attorney is willing to discuss the case with Plaintiff, the attorney's office will contact Plaintiff.

Despite referral to the *Bradshaw* panel, Plaintiff remains responsible to prosecute this action or to dismiss it. This Court's clerk will request Plaintiff for information to assist to

///

///

///

2

accomplish service of process on defendant.  **Plaintiff is admonished that failure to comply with this Court's orders and the clerk's directions to assist with service of process and to prosecute this action, will result in recommendation to dismiss this action.**

    IT IS SO ORDERED.

    Dated:   **February 21, 2007**              **/s/ Dennis L. Beck**
3b142a                                                            UNITED STATES MAGISTRATE JUDGE