# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DELIA MAPPE MOWREY, | ) | 1:07cv0155 LJO DLB |
| | ) | |
| Plaintiff, | ) | ORDER VACATING FINDINGS AND RECOMMENDATION (Document 13) |
| v. | ) | |
| DONALD H. RUMSFELD, | ) | ORDER GRANTING PLAINTIFF EXTENSION OF TIME |
| | ) | |
| Defendant. | ) | |

Plaintiff Delia Mappe Mowrey is proceeding pro se and in forma pauperis in this employment discrimination action filed on January 29, 2007.

On February 21, 2007, the Court dismissed the complaint with leave to amend, explaining that the complaint was deficient because it did not contain any facts to support or explain her causes of action. The Court further explained that it could not rely on her exhibits to provide the sole explanation of her alleged claims. Plaintiff was granted thirty days to file an amended complaint.

On April 4, 2007, after Plaintiff failed to file an amended complaint pursuant to the February 21, 2007, order, the Court issued Findings and Recommendation that the action be dismissed for Plaintiff's failure to follow the Court's order.

On April 30, 2007, the Court received a letter from Plaintiff. In the correspondence, which the Court construes as objections to the Findings and Recommendation, Plaintiff explains

1  that she does not understand how to proceed with this action and that she cannot afford an
2  attorney.
3       Based on Plaintiff's objections, the Court finds it necessary to VACATE the April 4,
4  2007, Findings and Recommendation.  The Court further GRANTS Plaintiff an additional thirty
5  days from the date of service of this order within which to file an amended complaint pursuant to
6  the Court's February 21, 2007, order.
7       As explained in the order dismissing the complaint with leave to amend, Plaintiff did not
8  sufficiently explain her claims.  As written, the Court could not determine exactly what her
9  claims were.  In other words, Plaintiff's complaint did not contain enough information to make
10 her legal claims clear, nor did it contain any facts from which her legal claims could be inferred.
11 While a complaint in federal court need not set forth every element of a legal claim, it must
12 contain sufficient information so that the Court can be certain as to Plaintiff's allegations.  For
13 example, if Plaintiff believes that she was the victim of employment discrimination, she must
14 state this in her complaint *and* explain why she believes this to be true.  If Plaintiff believes she
15 has been the victim of defamation and/or intentional infliction of emotional stress, she must set
16 forth the facts upon which she bases her beliefs.  At the least, it must be clear to the Court *how*
17 and *why* Plaintiff believes she is entitled to relief.  Plaintiff need not delve into legal argument or
18 analysis, but must explain, in simple terms, her allegations.
19      Therefore, Plaintiff IS ORDERED to file her amended complaint within thirty (30) days
20 of the date of service of this order.  Plaintiff is advised that the Court cannot refer to a prior
21 pleading in order to make her amended complaint complete.  Local Rule 15-220 requires that an
22 amended complaint be complete in itself without reference to any prior pleading.  This is
23 because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v.</u>
24 <u>Rhay, 375 F.2d 55, 57 (9th Cir. 1967)</u>.  Once Plaintiff files an amended complaint, the original
25 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
26 original complaint, each claim and the involvement of each defendant must be sufficiently
27 alleged.
28

1  Plaintiff is further advised that failure to file an amended complaint consistent with this
2  order may result in dismissal of the action.

4  IT IS SO ORDERED.
5  Dated:   **May 9, 2007**                              /s/ **Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE