# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DELIA MAPPE MOWREY, | ) | 1:07cv0155 LJO DLB |
| | ) | |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| DONALD H. RUMSFELD, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff, appearing pro se and in forma pauperis, filed the instant employment discrimination action on January 29, 2007.  On February 21, 2007, the Court dismissed the complaint with leave to amend and allowed Plaintiff to file an amended complaint within thirty (30) days of the date of service of the order.  Plaintiff failed to do so and the Court issued Findings and Recommendation that the action be dismissed on April 4, 2007.  On May 10, 2007, after reviewing Plaintiff's objections, the Court vacated the Findings and Recommendations and allowed Plaintiff an additional thirty (30) days to file an amended complaint.  Over thirty (30) days have passed and Plaintiff has again failed to file an amended complaint.

## **DISCUSSION**

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent

power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This case has been pending since January 29, 2007. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33;

1  Henderson, 779 F.2d at 1424.  The Court's May 10, 2007, order vacating the findings and
2  recommendation and granting Plaintiff additional time expressly stated that failure to respond
3  would result in a recommendation that the action be dismissed.  Thus, Plaintiff had adequate
4  warning that dismissal would result from non-compliance with the Court's order(s).

## RECOMMENDATION

6       Accordingly, the Court RECOMMENDS that the action be dismissed for Plaintiff's
7  failure to follow the Court's order.
8       These Findings and Recommendations are submitted to the Honorable Lawrence J.
9  O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C.
10  § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
11  Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any
12  party may file written objections with the court and serve a copy on all parties.  Such a document
13  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
14  Replies to the objections shall be served and filed within ten (10) court days (plus three days if
15  served by mail) after service of the objections.  The Court will then review the Magistrate
16  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file
17  objections within the specified time may waive the right to appeal the District Court's order.
18  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20      IT IS SO ORDERED.
21      Dated:  **June 22, 2007**       **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE